FILED
CLERK
4/11/2016 3:01 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
MARY JEAN CORBETT and BARTHOLOMEW CORBETT,

       Plaintiffs,

 -against-

FIRSTLINE SECURITY, INC., TYCO FIRE & SECURITY, INC., TYCO INTERNATIONAL LTD. and DAN BRANDT,

       Defendants.
-------------------------------------------------------------------------x

**DECISION AND ORDER**
08-cv-5124 (ADS)(SIL)

**APPEARANCES:**

**Helwig Henderson & Ryan LLP**
*Attorneys for the Plaintiffs*
One Old Country Road, Suite 428
Carle Place, NY 11514
  By: Bruce M. Helwig, Esq., Of Counsel

**Law Offices of John T. Ryan & Associates**
*Attorneys for the Defendants*
633 East Main Street
Riverhead, NY 11901
  By: David M. Reilly, Esq.
     Thomas G. Lyons, Esq., Of Counsel

**NO APPEARANCES:**

**Tyco Fire & Security, Inc.**
*Defendant*

**Tyco International Ltd.**
*Defendant*

1

**SPATT, District Judge:**

Presently before the Court is a motion by the Defendants Firstline Security, Inc. ("Firstline") and Dan Brandt ("Brandt") to remand this matter to state court. For the reasons that follow, the motion is denied.

## I. Background

On or about July 25, 2008, the Plaintiffs Mary Jean Corbett and Bartholomew Corbett (collectively, the "Plaintiffs") commenced this action in the Suffolk County Supreme Court against Firstline and Brandt, as well as ADT Security Services, Inc. ("ADT"), Tyco Fire & Security, Inc. ("Tyco Security"), Tyco International Ltd. ("Tyco Intl"), Honeywell International, Inc. ("Honeywell"), and Ademco ("Ademco", together with Firstline and Brandt, the "Defendants"). The complaint alleged that on June 20, 2007, the Plaintiffs were the victims of a home invasion, which occurred as a result of the faulty home security system negligently sold, installed, and maintained by the Defendants. By this lawsuit, the Plaintiffs seek money damages for injuries and losses allegedly sustained during this event.

On December 19, 2008, the Defendant Honeywell removed the action to this Court on the basis of diversity jurisdiction. The action was originally assigned to United States District Judge Joseph F. Bianco. However, on February 26, 2009, Judge Bianco recused himself, and the matter was reassigned to this Court.

On December 9, 2009, the Court granted a motion for summary judgment by ADT and dismissed all claims against that Defendant. On June 19, 2010, the Court denied a motion to reconsider that ruling. On January 7, 2010, the Plaintiffs filed a

Notice of Appeal to the Second Circuit, indicating their intention to seek review of the Court's decision to grant summary judgment to ADT. However, on June 30, 2010, the Plaintiffs withdrew their appeal on the grounds that the challenged orders were non-final decisions within the meaning of 28 U.S.C. § 1291.

On April 27, 2011, the Court So Ordered stipulations dismissing the claims against Defendants Honeywell and Ademco. Thus, the only remaining Defendants were Firstline, Brandt, Tyco Security, and Tyco Intl. However, to date, Tyco Security and Tyco Intl have neither answered nor otherwise appeared in this action. The Plaintiffs have not requested that the Clerk of the Court note their default.

On November 3, 2010, a second action was commenced in the Suffolk County Supreme Court entitled <u>Larson, as Guardian ad litem of Jamie Corbett v. ADT Security Services, Inc., Firstline Security, Inc., Mary Jean Corbett and Bartholomew Corbett</u>, Suffolk County Index Number 40561/2010 (the "State Court Action"). The State Court Action was brought on behalf of the Plaintiffs' minor daughter, who was also present in the house at the time of the subject home invasion, and allegedly suffered compensable injuries.

On December 9, 2013, Firstline and Brandt (the "Movants") filed a motion pursuant to 28 U.S.C. § 1447(c) to remand this action back to the Suffolk County Supreme Court on the ground that it is related to, and should be consolidated with the pending State Court Action. In particular, the Movants asserted that the present action and the State Court Action "involve[ ] the exact same incident, facts, allegations, and parties" and that remanding this case to the state court would

3

serve "the interests of justice" insofar as it would "avoid piecemeal litigation, the possibility of inconsistent and contradictory results, and will allow the claims of the parties to be heard in one forum, thereby avoiding duplicative discovery and judicial proceedings, and allowing for a comprehensive resolution of the two actions in a single forum." Movants' Memo of Law at unnumbered pp. 1-2.

On January 14, 2014, the Plaintiffs filed limited opposition to the motion. In particular, the Plaintiffs consented to the remand, so long as such relief did not adversely affect their right to ultimately seek an appeal of the Court's grant of summary judgment to ADT.

## II. Discussion

Although there is no substantive opposition to the present motion, it is patently untimely and must be denied. The relevant statutory authority states that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

Thus, any motion to remand made more than 30 days after the notice of removal must be based on an alleged lack of subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131 (2d Cir. 2006) ("We have interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack

4

of subject matter jurisdiction"); Advantage Title Agency, Inc. v. Rosen, 297 F. Supp. 2d 536, 540 (E.D.N.Y. 2003) (Spatt, J.) ("[A] motion for remand on the basis of any defect other than lack of subject matter jurisdiction must be filed within thirty days after the filing of the notice of removal. Given the existence of subject matter jurisdiction and the fact that the plaintiff waited for more than three months to move to remand, the motion is denied as untimely").

In this case, the Movants filed their motion to remand approximately five years after it was removed to this Court. Further, contrary to the clear language of the rule, the motion does not assert that the Court lacks subject matter jurisdiction over this case. Instead, the entire basis of the motion is that judicial economy allegedly counsels in favor of consolidating this case with the State Court Action so that the parties may be spared from the potential for duplicative discovery and inconsistent rulings. This is an insufficient basis to warrant remand. Indeed, even if these grounds were procedurally proper and not expressly precluded by the language of the statute, this argument is unavailing because the motion comes fully three years after the commencement of the State Court Action with which it is allegedly related.

Thus, the motion to remand this case to the Suffolk County Supreme Court is denied.

### III. Conclusion

For the reasons set forth above, the motion by the Defendants Firstline and Brandt to remove this action to the Suffolk County Supreme Court under 28 U.S.C. § 1447(c) is denied.

However, because of the advanced age of this case, the Court is directing that it proceed from this point forward with all due expediency. To that end, the Court respectfully refers this matter to United States Magistrate Judge Steven I. Locke for a conference to assess the need, if any, for additional discovery, and to establish a timetable for getting this case trial-ready.

In addition, if, within 20 days of the date of this Order, the Plaintiffs have not requested that the Clerk of the Court note the default of the non-appearing Defendants Tyco Fire & Security, Inc. and Tyco International Ltd., the Court will dismiss the claims against those parties under Federal Rule of Civil Procedure 41 for failure to procedure.

Dated:	Central Islip, New York
	April 11, 2016

	/s/ Arthur D. Spatt	
	ARTHUR D. SPATT
	United States District Judge